Filed 3/10/22  P. v. Cassidy CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ERNEST CASSIDY III,<br><br>        Defendant and Appellant. | A163473<br><br>(Sonoma County<br> Super. Ct. No. SCR-554417-1) |

After Ernest Paul Cassidy III filed a petition for resentencing under Penal Code section 1170.95 and the trial court issued an order to show cause to proceed with an evidentiary hearing, Cassidy filed a motion for mandatory resentencing, arguing he was entitled to have his murder conviction set aside as a matter of law.  The trial court denied the motion, and Cassidy appeals that ruling.

Cassidy's court-appointed appellate counsel filed a brief asking this court for an independent review of the record, citing *People v. Wende* (1979) 25 Cal.3d 436.  Cassidy was informed of his right to file supplemental briefing and he filed a brief on February 18, 2022.[1]

---

[1] Because this is not Cassidy's first appeal as a matter of right, we are not required to independently review the record under *Wende*, but we may do so in the interests of justice.  (*People v. Flores* (2020) 54 Cal.App.5th 266, 268

1

We have considered Cassidy's supplemental brief and reviewed the record, and we affirm.

## BACKGROUND

More than a decade ago, a jury found Cassidy guilty of first degree murder, home-invasion robbery in concert with others, first degree residential burglary, and being a felon in possession of a firearm. The jury found not true allegations that he personally used a firearm and personally inflicted great bodily injury. (*People v. Cassidy* (June 13, 2012, A131029) [nonpub. opn.] 2012 WL 2126958.) The murder victim, Jody Reynolds, was a known marijuana and methamphetamine dealer. Cassidy and three other men drove to the victim's trailer with at least three firearms. The four men "robbed Reynolds, inflicted blunt force trauma to his face, and killed him with two shots" from two different firearms—a handgun and a rifle. (*Ibid.*)

In February 2019, Cassidy, representing himself, filed a petition for resentencing under Penal Code section 1170.95.[2] In May 2019, Charles Carbone appeared as Cassidy's attorney of record. In June 2020, the trial court issued an order to show cause and scheduled a status hearing. At a status hearing in February 2021 to discuss procedures for the "show cause" evidentiary hearing, Cassidy's attorney Carbone stated that his client wanted to file "basically the equivalent of a directed verdict" motion on the theory that, "because the jury did not find special circumstances, . . . that particular prior finding should bind this . . . proceeding such that he could not be deemed to have acted with reckless indifference to human life."

[reviewing summary denial of a section 1170.95 petition although independent record review was not constitutionally required].)

[2] Further undesignated statutory references are to the Penal Code.

On July 30, 2021, Cassidy submitted a motion seeking to be "manditorily [*sic*] resentenced in lieu of his evidentiary hearing."[3] The premise of the motion was that the jury in Cassidy's criminal trial found "that Cassidy did not personally use a firearm and that special-circumstances could not apply," and, therefore, resentencing under section 1170.95 was "statutorily require[d]."

On August 2, 2021, the Sonoma County District Attorney filed an opposition to the motion for mandatory resentencing. Arguing Cassidy misunderstood the facts of his criminal case, the district attorney represented that in Cassidy's trial, the jury was never instructed on any special circumstance and was never asked to make findings regarding any special circumstance. Thus, contrary to the premise of Cassidy's motion, it was not the case that the jury found a felony-murder special circumstance allegation not true; no such allegation was submitted to the jury.

On August 9, 2021, the trial court heard argument on Cassidy's motion for mandatory resentencing. Cassidy's attorney conceded the fact that the jury was not instructed on a felony-murder special circumstance, and then raised a different argument altogether about limiting the scope of the pending evidentiary hearing. He argued the jury's finding that the firearm use allegation was untrue should preclude the prosecution from presenting evidence or arguing that Cassidy was one of the shooters.

The prosecutor stated that, even assuming the trial court was bound by the jury's finding that the firearm use allegation was untrue and that this finding meant Cassidy was not the actual killer, "that doesn't preclude the

---

[3] The copy of Cassidy's motion in the appellate record is stamped "Received But Not Filed" by the superior court. Nonetheless, the trial court did rule on the motion.

Court from making a finding that Mr. Cassidy was a major participant and that he acted with reckless indifference to human life." In other words, the prosecutor was arguing that the fact that Cassidy was not the actual killer did not mean he was automatically entitled to resentencing under section 1170.95 because it was still possible the prosecution could prove at the evidentiary hearing that Cassidy was guilty of felony murder under the theory he was a major participant in the underlying felonies and he acted with reckless disregard to human life.

The trial court denied Cassidy's motion for mandatory resentencing, finding an evidentiary hearing as contemplated by the statute was necessary to resolve the section 1170.95 petition. The court agreed with the prosecutor, stating, "I think currently for purposes of the petition for re-sentencing, major participant, act with reckless indifference to human life, are open issues and need decision after an evidentiary hearing."

In October 2021, the parties reached an agreement and stipulation under which Cassidy's conviction of first degree murder was "amended" to second degree murder with a sentence of 15 years to life in prison. The parties waived their right to appeal except Cassidy reserved his right to appeal the trial court's denial of his motion for mandatory resentencing.

## DISCUSSION

### A.

When the jury convicted Cassidy of first degree murder, a defendant was guilty of first degree felony murder "when the defendant or an accomplice kill[ed] someone during the commission, or attempted commission, of an inherently dangerous felony . . . listed in section 189 . . . . Felony murder liability d[id] not require an intent to kill, or even implied

malice, but merely an intent to commit the underlying felony." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 654.)

In 2018, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (S.B. 1437), which, among other things, eliminated "felony-murder liability in cases in which the defendant was not a major participant in the underlying felony or did not act with reckless indifference to human life. [Citation.] The Legislature also enacted section 1170.95, which establishes a procedure for vacating murder convictions for defendants who could no longer be convicted of murder under the new law and resentencing such defendants." (*People v. Allison* (2020) 55 Cal.App.5th 449, 455 (*Allison*); accord *People v. Price* (2021) 71 Cal.App.5th 1128, 1142, rev. granted Feb. 9, 2022, S272572.)

"Section 1170.95 allows a defendant serving a sentence for felony murder who could not be convicted of murder because of the amendments to sections 188 and 189 [(which define 'malice' and first degree murder, respectively)] . . . to petition for resentencing. The statute requires a defendant to submit a petition affirming that he or she: (1) was charged with murder in a manner 'that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine' (§ 1170.95, subd. (a)(1)); (2) was 'convicted of' or pleaded guilty to 'first degree or second degree murder' (§ 1170.95, subd. (a)(2)); and (3) 'could not be convicted of first or second degree murder because of changes to Section 188 or 189 made in [S.B.] 1437' . . . . [As relevant to this appeal] . . ., those changes . . . added a requirement for felony murder that a defendant must have been at least a major participant in the underlying felony who acted with reckless indifference to human life." (*Allison, supra,* 55 Cal.App.5th at p. 456.)

When a defendant files a petition in compliance with section 1170.95, the trial court "assess[es] whether the petitioner has made 'a prima facie showing' for relief. (§ 1170.95, subd. (c).) [¶] If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ 1170.95, subd. (d)(1).) 'The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens.' (§ 1170.95, subd. (d)(3).) At the [evidentiary] hearing stage, 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' (§ 1170.95, subd. (d)(3).)" (*People v. Lewis* (2021) 11 Cal.5th 952, 960.)

Here, Cassidy filed a petition in compliance with section 1170.95, and the trial court determined he made a prima facie showing for relief and ordered an evidentiary hearing.

**B.**

On appeal, Cassidy argues the jury's untrue finding as to the firearm allegation under section 12022.53, subdivision (d) (intentional discharge of a firearm causing great bodily injury or death), constitutes a prior finding that Cassidy "did not kill" and "triggers immediate resentencing" under section 1170.95.

As a preliminary matter, this argument was not raised below and has been forfeited. (See *People v. Tafoya* (2007) 42 Cal.4th 147, 196 ["Defendant, however, failed to make this assertion when the trial court ruled on the

motion, and therefore he forfeited this issue"].) In the proceeding below, Cassidy's attorney argued an untrue finding as to a felony-murder special circumstance entitled Cassidy to relief under section 1170.95 as a matter of law, but he did *not* argue that the jury's finding on the firearm allegation, by itself, entitled Cassidy to mandatory resentencing under section 1170.95.

In any event, Cassidy's new argument fails on the merits. That Cassidy "did not kill" does not "trigger immediate resentencing." The jury in this case found Cassidy guilty of felony murder, and S.B. 1437 did not eliminate felony-murder liability for defendants who are not the actual killers. Instead, section 189, subdivision (e), now provides, where "[a] participant in the perpetration or attempted perpetration of a [listed] felony [including robbery and burglary] . . . in which a death occurs" is not the actual killer, the participant is liable for murder only if either (1) "[t]he person . . . with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree" or (2) "[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2 [(that is, the felony-murder special circumstance)]."

Consequently, even if it is accepted as an indisputable fact that Cassidy did not discharge a firearm during the home-invasion robbery and, therefore, was not the actual killer, this does not mean he was entitled to immediate resentencing without further proceedings. Rather, Cassidy was entitled to an evidentiary hearing at which the prosecution would have the opportunity and burden to prove he is ineligible for resentencing. (See § 1170.95, subd. (d)(3).) At such an evidentiary hearing, the parties could offer additional evidence (*ibid.*), and the trial court would determine whether the evidence established

Cassidy " 'would be guilty of murder under amended sections 188 and 189 and is thus ineligible for resentencing under section 1170.95, subdivision (d)(3).' " (*People v. Ramirez* (2021) 71 Cal.App.5th 970, 984 [describing the trial court's responsibility as " 'independent fact finder' " at the evidentiary hearing under section 1170.95, subdivision (d)(3)].)  As the prosecutor argued below in connection with the section 1170.95 petition, the jury's finding that Cassidy did not discharge a firearm would not "preclude the [trial] [c]ourt from making a finding that Mr. Cassidy was a major participant and that he acted with reckless indifference to human life," which would establish liability for felony murder under amended section 189 and render him ineligible for resentencing.

Cassidy also appears to suggest his murder conviction must be vacated under principles of res judicata and collateral estoppel[4] because the prosecution has already been "heard on a valid theory of felony murder in accordance with criminal procedure and due process of law at jury trial." Again, this claim is forfeited because it was not raised before the trial court.

---

[4] "Res judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.  Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.' " (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.)  However, "[c]ollateral estoppel does not bar a later claim if new facts or *changed circumstances have occurred* since the prior decision.  [Citation.]  Neither res judicata nor collateral estoppel was ever ' "intended to operate so as to prevent a re-examination of the same question between the same parties where, in the interval between the first and second actions, the facts have materially changed *or new facts have occurred* which *have altered the legal rights* or relations of the litigants." ' " (*Union Pacific Railroad Co. v. Santa Fe Pacific Pipelines, Inc.* (2014) 231 Cal.App.4th 134, 179–180, italics added.)

This claim also fails on the merits because it misapprehends the nature of S.B. 1437. The very purpose of section 1170.95 is to allow reexamination of felony murder convictions that were made before the change in the definition of felony murder. Thus, collateral estoppel does not prevent a *defendant* with a felony murder conviction that predates S.B. 1437 from petitioning to have the conviction set aside under section 1170.95. And, section 1170.95, subdivision (d), provides for an evidentiary hearing at which the prosecution is allowed to present *new and additional* evidence to show the petitioner is still guilty of murder under the *new* definition of felony murder. Thus, res judicata does not prevent the prosecution from arguing factual matters (such as whether the defendant was a major participant in the underlying felony and acted with reckless indifference) that were never decided in the original criminal trial.

Cassidy asserts that he was originally charged with a felony-murder special circumstance under section 190.2, subdivision (a)(17). But he has conceded that no special circumstance allegation was submitted to the jury. Cassidy correctly notes that section 1170.95, subdivision (d)(2), provides, "If there was a prior *finding by a court or jury* that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." (Italics added.) But section 1170.95 does not provide that if a petitioner was merely charged with a felony-murder special circumstance and that special circumstance allegation was *not* submitted to the jury, the petitioner's felony murder conviction must be vacated.

Here, no court or jury has ever made a "prior finding" about whether Cassidy acted with reckless indifference or was a major participant in the home-invasion robbery and burglary that resulted in the death of Reynolds.

(§ 1170.95, subd. (d)(2).)  Nothing in section 1170.95 required the court to vacate the murder conviction in Cassidy's situation, and, therefore, the trial court did not err in denying his motion for mandatory resentencing.

We have considered Cassidy's contentions and reviewed the record, and we find no errors or other issues that require further briefing.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110; *People v. Freeman* (2021) 61 Cal.App.5th 126, 134 [in appeal from a post-conviction matter where appellate counsel found no arguable issue for appeal, appellate court considered appellant's supplemental letter listing issues he wished the court to address].)  Accordingly, we affirm.

## DISPOSITION

The order of August 9, 2021, denying Cassidy's motion for mandatory resentencing judgment is affirmed

10

_____
Miller, J.

WE CONCUR:


_____
Richman, Acting P.J.


_____
Mayfield, J.[*]


A163473, *People v. Cassidy*

---

[*] Judge of the Mendocino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.